THE FREEHOLD BANK *vs.* ALEXANDER F. BAKER.

Suffolk.   November 5, 1935. — December 31, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Corporation*, Officers and agents.  *Agency*, Scope of authority.

A vote of the directors of a corporation authorizing named officers "to sign this company's checks . . . the single signature of any of . . . [them] being sufficient, no counter-signature being required on this company's checks and as endorsements on its customers' notes," gave such an officer authority to indorse in the name of the corporation a note of its customer payable to its order.

CONTRACT.   Writ dated August 29, 1934.

The action was tried in the Superior Court before *Dowd*, J., who ordered a verdict for the plaintiff in the sum of $1,697.52, and reported the action.

*I. M. Davis*, for the defendant.

*F. Dexter*, (*A. D. Hill & M. DeW. Howe* with him,) for the plaintiff.

PIERCE, J.   This is an action of contract in which the plaintiff seeks to recover $1,420, the principal sum named in a promissory note, dated December 28, 1931, due four months after date, executed by the defendant, payable to the order of Miller Printing Machinery Company and indorsed "Miller Printing Machinery Co. by Theo R. Foster Secretary."

Approximately one month after the note had been negotiated to the plaintiff, the defendant, without knowledge or notice that the note in question had been discounted by the payee, delivered to the payee a printing press owned by the defendant which the payee agreed to accept and did accept as a payment of $1,400 on the note.  It appears in

the report that Foster, secretary of the payee, indorsed the note in question in the name of the payee and delivered it, on December 29, 1931, with forty-four other notes, to the Colonial Trust Company of Pittsburgh, Pennsylvania, an affiliate of the plaintiff, to be discounted in order to take up past due notes held by the plaintiff; that the note in suit and the other forty-four notes were turned over by the Colonial Trust Company to the plaintiff, which discounted them and deposited $18,706.34, of which $1,418.72 represented the proceeds of the note in question, to the checking account of the payee in the Colonial Trust Company; that each day balances were struck as between the plaintiff and the said trust company and the debtor would make payment; that the transactions between the payee, the trust company and the defendant were entered on the books of the payee and the entries remain unaltered and unqualified on the books of that company.

In his answer the defendant denied the authority of Foster to indorse the note in the name of Miller Printing Machinery Company, and demanded proof thereof at the trial. The original minutes of a meeting of the board of directors of the Miller Printing Machinery Company, held May 22, 1925, were produced and formed a part of a deposition of said Foster. His testimony in this deposition in part was "That the minutes of the meeting of the Board of Directors May 22, 1925, stated that there was a quorum of the Board of Directors present at the meeting, of which meeting notice had been duly given . . . [and] the following resolution was passed: 'It is resolved and the motion is properly seconded and unanimously carried that the following named be authorized to sign this company's checks for funds in its several depositories, the single signature of any of those mentioned herein being sufficient, no counter-signature being required on this company's checks and as endorsements on its customers' notes: F. F. Nicola, President; Paul C. Dunlevy, First Vice-President; James H. Cannon, Vice-President and Treasurer; Theo. R. Foster, Secretary; W. G. Rock, Special Auditor.'"

The defendant also made a plea of payment. It was con-

tended that the sum of $1,400, the value of the printing press which was delivered in February, 1932, was, by an arrangement made by the defendant and the Miller Printing Machinery Company after the note in question was discounted, to be credited to the defendant on said note. At the trial it was agreed that the plaintiff and its agents and officers had no knowledge of said arrangement until after the delivery of the printing press; and that at the time the arrangement was made and the printing press delivered by the maker of the note to the payee, the maker had no notice that the note in question had previously been disposed of by the payee.

The defendant rested and presented a motion that the judge direct a verdict for the plaintiff in the sum of $23.20 only. The judge denied the motion and saved the defendant's exception. The plaintiff at the same time presented a motion that a verdict be directed in its favor for $1,697.52, that being the principal of the note and interest and protest fees. The judge allowed the motion and directed the jury to return a verdict for the plaintiff in said sum. The defendant excepted to the allowance of that motion and to the direction of such verdict for the plaintiff.

By agreement of the parties the case is reported for determination by this court upon the following stipulation of the parties: "If said Foster was authorized by the vote and resolution aforesaid to endorse said note in the name of the Miller Printing Machinery Company, judgment is to be entered for the plaintiff in the sum of One Thousand Six Hundred Ninety-seven Dollars and Fifty-two Cents. If said Foster was not authorized by the vote and resolution aforesaid to endorse said note in the name of the Miller Printing Machinery Company, judgment is to be entered for the plaintiff in the sum of Twenty-three Dollars and Twenty Cents." The report contains all the facts and evidence material to the question reported.

The sole issue before the court is the construction of the vote of May 22, 1925, without consideration of any question of adoption or ratification. The defendant concedes the vote authorized Foster to sign checks without countersigna-

ture (attestation), but contends that the vote does not authorize the persons named to indorse the notes of the company's customers, because it must be assumed that the language of the vote was used advisedly and after deliberation. The defendant suggests that the provision as to the "endorsement on its customers' notes" was an afterthought and the authority to indorse notes was not necessary to the exercise of the power expressly granted to sign checks. The vote is inartistically drawn but it must be assumed that every provision of it was intended to have operative force, and no part should be construed to be meaningless because of ungrammatical phrasing. No contention is made by the defendant that the indorsement of Foster of "its customers' notes" was invalid because it was not an attested signature. We think the provision that "no counter-signature" is "required" is applicable to signatures and indorsements alike, and that the vote, whether or not the provision as to indorsements was an afterthought, plainly indicates an authorization to the persons named to sign checks for funds in the company's several depositories and also to indorse its customers' notes, without attestation to the signature of the signer or indorser. In accordance with the stipulation judgment is to be entered for the plaintiff in the sum of $1,697.52.

*So ordered.*